**TARTER KRINSKY & DROGIN LLP**
*Proposed Attorneys for Crowne Sorelle Ltd.*
*Debtor and Debtor-in-Possession*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Scott S. Markowitz, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 |
| CROWNE SORELLE LTD., | : | |
| | : | Case No.: 10-14078 |
| Debtor. | : | |

------------------------------------------------------------- x

## LOCAL BANKRUPTCY RULE 1007-2 AFFIDAVIT

STATE OF NEW YORK    )
                        ss.:
COUNTY OF NEW YORK  )

     Nicholas Russo, being duly sworn, deposes and states:

     1.     I am the President of Crowne Sorelle Ltd., a New York corporation (the "Debtor"). I submit this affidavit pursuant to Rule 1007-2 of the Local Rules of this Court.

     2.     The Debtor intends to file a voluntary Chapter 11 petition with the clerk of this court on or about July 28, 2010.

     3.     There is no other or prior bankruptcy case filed by or against the Debtor.

     4.     There has not been a committee of creditors organized prior to the order for relief in this Chapter 11 case.

     5.     The Debtor owns real property located at 27 Brienna Court, Staten Island, New York 10309 (the "Property"). The Debtor purchased the Property in 2002. The Debtor believes the Property is worth at least $2,600,000.00, fully rented.

6.     The Debtor's financial difficulties arose as a result of the loss of a major tenant in or about September 2009, causing a considerable decrease in its monthly rent receipts. As a result of the decrease in the Debtor's monthly rent receipts, the Debtor was unable to maintain its monthly debt service to Sovereign Bank ("Sovereign"), and Sovereign commenced a foreclosure proceeding against the Property.  Sovereign holds a first mortgage against the Property in the approximate amount of $2,400,000.00.  The debt service to Sovereign is $16,733.74 per month. The Debtor believes that it has equity in the Property and the ability to meet debt service, assuming the Property is fully rented.

7.     The Property is a building consisting of approximately 16,000 square feet.  The Debtor has two tenants at the Property, Vino Divino, a wine school, and Broadway Wallboard. The wine school occupies approximately 2,000 square feet at a rental of $3,200 per month, and Broadway Wallboard occupies approximately 2,000 square feet at a rental of $2,800 per month.

8.     The Debtor has been contacted by a proposed replacement tenant, Regal Construction ("Regal").  If Regal is accepted as a tenant, it would occupy approximately 12,000 square feet at an approximate rental of at least $11,000 per month.  The Property would then be fully rented and the rent roll would be in excess of the amount needed to service the debt owed to Sovereign.  The Debtor could then reinstate or restructure the debt owed to Sovereign under a plan of reorganization.

9.     Pursuant to rule 1007-2(a)(4) of the Local Bankruptcy Rules annexed hereto as **Exhibit "1"** is a list containing the names and addresses of the Debtor's twenty (20) largest unsecured creditors, excluding insiders.

10. Pursuant to Rule 1007-2(a)(5) of the Local Bankruptcy Rules, annexed hereto as **Exhibit "2"** is a list containing the names of the holders of the Debtor's five (5) largest secured creditors.

11. Pursuant to Rule 1007-2(a)(6) of the Local Bankruptcy Rules annexed hereto as **Exhibit "3"** is an estimated balance sheet (unaudited).

12. The Debtor is a corporation. The Debtor has no publicly held securities.

13. There is no property of the Debtor in the possession or custody of any public officer, receiver, trustee, pledgee, assignee of rents, liquidator, secured creditor, or agent of any such person.

14. The Debtor's office is located at 160 Broadway, Suite 1012, New York, New York 10038-4201.

15. The Debtor's substantial assets consist of the Property. The Debtor's books and records are located at 160 Broadway, Suite 1012, New York, New York 10038.

16. The Debtor is a party to a mortgage foreclosure proceeding in the Supreme Court of the State of New York, County of Richmond. To the best of my knowledge, the Debtor is not a party to any other litigation.

17. As the Debtor's President, I handle the Debtor's day-to-day affairs. The Debtor has no employees. The Debtor has no payroll.

18. The Debtor does not propose to make any payments to the Debtor's officers, stockholders and directors for the 30 day period following the filing of the Chapter 11 petition.

19. The Debtor is a party as landlord to two (2) leases. The Debtor collects $6,000 per month in rent under the leases.

20.    For the thirty (30) day period following the commencement of the Chapter 11 case, the Debtor expects to collect $6,000 and disburse approximately $600.00.

21.    The Debtor intends to continue in the operation of its business and management of its property pursuant to the provisions of Chapter 11, Title 11, United States Code.

22.    The Debtor verily believes that under the aegis of the Bankruptcy Court, it will be able to restructure its business for the benefit of all constituents.


By:    /s/ Nicholas Russo
              Nicholas Russo

Sworn to before me this
28th day of July, 2010


/s/ Karen Menendez
Karen Menendez
Notary Public, State of New York
No. 01ME6187810
Qualified in Queens County
Commission Expires May 27, 2012